UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICOLE F., | ) |
|     Plaintiff | ) ) ) |
| v. | )    1:22-cv-00005-JAW ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
|     Defendant | ) ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the February 25, 2021, decision of the

Administrative Law Judge. (ALJ Decision, ECF No. 11-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of fibromyalgia, degenerative joint disease in the right shoulder, left ankle arthritis, cyclothymia, adjustment disorder with mixed anxiety and depressed mood, and dysthymic disorder. (R. 21.) The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at the light exertional level, except she should avoid left foot controls, but she is permitted to drive, and avoid hazards such as heights, vibration, and dangerous machinery; she is limited to occasional bending, balancing, twisting and squatting, kneeling and crawling, overhead reaching with her right arm, and climbing, but no climbing ladders, ropes or scaffolds; she is capable of performing simple, routine, repetitious work that does not require teamwork or working closely with the public, and is limited to occasional interaction with coworkers, supervisors, and the public. (R. 24-25.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of price marker, collator operator, and mail sorter. (R. 31-32.) The ALJ determined, therefore, that Plaintiff was not disabled.

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

The ALJ determined Plaintiff's severe impairments included cyclothymia, adjustment disorder with mixed anxiety and depressed mood, and dysthymic disorder. Plaintiff alleges in part that the ALJ erred in his assessment of Plaintiff's mental RFC. To assess a claimant's RFC, an "ALJ must measure the claimant's capabilities, and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep

3

the bounds of a lay person's competence and render a medical judgment.").

In assessing Plaintiff's mental RFC, the ALJ wrote:

> Although the claimant alleges disabling mental health issues, the record shows minimal evidence of significant cognitive decline and ongoing mental health issues. The claimant has only required weekly therapy, which she does not attend consistently. She has not had any exacerbations of mental health issues that required Emergency Department presentations, Intensive Outpatient Program (IOP) or Partial Hospitalization Programs (PHP). There is documentation of anxious and irritable mood and blunted affect …. However, the claimant has been treated with psychotropic medication. The undersigned has accounted for the claimant's mental health impairments and finds the claimant capable of performing simple routine repetitive work that does not require teamwork [or] working closely with the public. She is also limited to occasional interaction [with] coworkers, supervisors, and the public.

(R. 28.) The ALJ also noted that Plaintiff's regular activities suggest "greater ability to interact with the others and sustain attention for simple routine work."[2] (*Id.*)

The ALJ evidently did not rely on any expert testimony or evidence to support his mental RFC determination. He found the opinions of two of Plaintiff's providers, Carol Browning, M.D., and Samantha Gilligan, N.P., to be minimally persuasive. (R. 29.) Dr. Browning opined that pain is likely a trigger for Plaintiff's psychiatric symptoms, and that Plaintiff was markedly impaired in her ability to work at an appropriate and consistent pace, timely complete tasks, ignore or avoid distractions, respond appropriately to demands, adapt to changes, manage her mental health symptoms, and maintain work appropriate behavior, and markedly impaired in her ability to sustain regular attendance

---

[2] Plaintiff reports that she independently manages her daily activities, which include self-care, grocery shopping, driving, reading and coloring, using the internet and social media, spending time with her boyfriend, and attending her children's sporting events prior to the pandemic. (R. 50-53, 56-57.) She also ran a childcare business from her home in 2018, caring for children aged one to ten years old. (R. 44.)

and sustain a full workday. (R. 1147, 1148.) The ALJ described Dr. Browning's opinion as relying on Plaintiff's subjective reports, failing to provide explanations or reference objective findings to support her opinion, and focusing largely on Plaintiff's physical issues though Dr. Browning treated Plaintiff's cyclothymia. (*Id*.) The ALJ discounted NP Gilligan's opinion regarding Plaintiff's psychological limitations due to emotional or physical stress, because NP Gilligan did not treat Plaintiff for psychological issues, and did not reference any treatment notes or evidence to support her opinions. (R. 29, referencing R. 1153.)³

The state agency psychological consultants at the initial and reconsideration levels, Thomas Knox, Ph.D., and Mary Burkhart, Ph.D., both opined that Plaintiff had no severe mental impairments and therefore did not complete an RFC. (R. 76-77, 84-85, 91-92, 99-100.) As reflected by the ALJ's finding that Plaintiff had severe mental impairments, the ALJ did not rely on the consultants' opinions. To the contrary, the ALJ found their opinions "minimally persuasive," noting that they did not have the benefit of hearing the vocational expert's testimony or the opportunity to review subsequent records showing that Plaintiff sought treatment for mental health issues. (R. 28-29.) The findings of Drs. Knox and Burkhart cannot reasonably constitute substantial evidence for the ALJ's RFC assessment, because "as a practical matter," the ALJ could not "have given any weight to

---

³ The ALJ also found unpersuasive the opinion letter of Plaintiff's therapist, Marjorie Walsh, L.C.S.W. (R. 29.) Ms. Walsh diagnosed Plaintiff with persistent depressive disorder. (R. 1154.) Ms. Walsh stated that Plaintiff had "many" cancellations of her therapy appointments due to her medical issues and other problems, and noted that Plaintiff "seems to have problems with consistency and reliability. (*Id*.) The ALJ stated that Ms. Walsh's letter does not provide Plaintiff's mental health limitations, but refers to Plaintiff's physical impairments. (R, 29.) The ALJ also found that Ms. Walsh's statements were not opinions as defined under 20 C.F.R. §404.1527(d).

the opinions" of the psychological consultants, "neither of whom had occasion to assess [Plaintiff's] mental RFC." *Staples v. Berryhill*, No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *4 (D. Me. Mar. 15, 2017) (*aff'd*, Mar. 30, 2017); *see also Laura S. v. Soc. Sec. Admin. Comm'r*, 2:18-cv-00375-JDL, 2019 WL 4046541, at *5 (D. Me. Aug. 27, 2019).

In his assessment of Plaintiff's mental RFC, therefore, the ALJ did not rely on a medical expert. The limitations resulting from cyclothymia, adjustment disorder with mixed anxiety and depressed mood, and dysthymic disorder cannot reasonably be considered a commonsense judgment "apparent to a layperson." *Manso-Pizzaro*, 76 F.3d at 17. Accordingly, the ALJ's RFC assessment is not supported by substantial evidence on the record.[4]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[4] Plaintiff asserts several errors in the ALJ's decision, including a challenge to the ALJ's RFC assessment. Because I find the ALJ's RFC assessment is not supported by substantial evidence, I do not address Plaintiff's other arguments.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of November, 2022.